1 │ SCOTT J. HYMAN (State Bar No. 148709)
   │ sjh@severson.com
2 │ KALAMA M. LUI-KWAN (State Bar No. 242121)
   │ kml@severson.com
3 │ ALISA A. GIVENTAL (State Bar No. 273551)
   │ aag@severson.com
4 │ SEVERSON & WERSON
   │ A Professional Corporation
5 │ One Embarcadero Center, Suite 2600
   │ San Francisco, CA  94111
6 │ Telephone:  (415) 398-3344
   │ Facsimile:  (415) 956-0439
7 │
8 │ Attorneys for Defendant
   │ WELLS FARGO BANK, N.A.

9 │

10 │                UNITED STATES DISTRICT COURT

11 │              NORTHERN DISTRICT OF CALIFORNIA

12 │ SARAH MONTGOMERY,                Case No.:  CV 12 3895

13 │              Plaintiff,          State Case No. HG12637438

14 │     vs.                          NOTICE OF REMOVAL OF  KAW
                                      UNLIMITED CIVIL ACTION UNDER
15 │ WELLS FARGO BANK, NATIONAL       28 U.S.C. § 1332 [DIVERSITY
   │ ASSOCIATION an FDIC insured corporation   JURISDICTION] OR IN THE
16 │ and does 1 through 100, inclusive,   ALTERNATIVE UNDER 28 U.S.C. §
                                      1441(B) & (C) (FEDERAL QUESTION
17 │              Defendant.          JURISDICTION)

18 │

19 │                                  Complaint Date: July 2, 2012

20 │     **TO THE CLERK OF THE ABOVE-ENTITLED COURT; THE HONORABLE**

21 │ **UNITED STATES DISTRICT JUDGE AS ASSIGNED; PLAINTIFF AND HER**

22 │ **ATTORNEYS OF RECORD:**

23 │     PLEASE TAKE NOTICE that defendant Wells Fargo Bank, N.A., successor by merger

24 │ with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly

25 │ known as World Savings Bank, FSB ("Wells Fargo") hereby provides this Notice of Removal

26 │ based on diversity of citizenship, pursuant to 28 U.S.C. § 1441 & 1332, or alternatively based on

27 │ federal question jurisdiction, pursuant to 28 U.S.C. § 1446, and hereby removes to this Court the

28 │ state court action described below.

   │ 07685.1163/2289325.1 1              1
   │                                    NOTICE OF REMOVAL TO DISTRICT COURT

## I.     THE STATE COURT ACTION

On July 2, 2012, the complaint in Case No. HG12637438, entitled as captioned above, was filed in the Superior Court of the State of California, County of Alameda (the "State Court Action").

In the Complaint Plaintiff asserts three causes of action: (1) violation of Fair Credit Reporting Act; (2) violation of California Consumer Credit Reporting Agencies Act; and (3) violation of California Unfair Business Practices Act.

Plaintiff served Wells Fargo on July 3, 2012.

Attached collectively hereto as Exhibit A are a copy of the complaint and all other papers in Wells Fargo's possession either filed by Plaintiff or issued by the Court as of the time of filing this Notice of Removal.

## I.     <u>JURISDICTION</u>

### A.     <u>DIVERSITY OF CITIZENSHIP</u>

This Court has jurisdiction of this case under 28 U.S.C. § 1332 because the citizenship of the parties is entirely diverse and the amount in controversy exceeds $75,000.00.

#### 1.     <u>Plaintiff is a Citizen of California</u>

Plaintiff is a citizen of California based on domicile, as she alleges residency in Alameda County.  (Compl., ¶ 3.) *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, but the place of residence is prima facie the domicile.").

#### 2.     <u>Defendant Wells Fargo Bank, N.A. is a Citizen of South Dakota</u>

Pursuant to 28 U.S.C. § 1348, defendant Wells Fargo Bank, N.A., as a national banking association, is a citizen of the state where is "located."  In 2006, the United States Supreme Court, after a thorough examination of the historical versions of § 1348 and the existing case law, held that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of incorporation, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-307 (2006) ("Schmidt").

Wells Fargo, with its main office located in Sioux Falls, South Dakota, is a citizen of

1   South Dakota. Attached hereto as Exhibit __ are true and correct copies of the FDIC Profile and

2   the Articles of Association for Wells Fargo Bank, National Association, as issued by the Office of

3   the Comptroller of the Currency, Administrator of National Banks, reflecting that Wells Fargo (at

4   Article II, § 1) has its main office in Sioux Falls, South Dakota.

5              a.       **The Post-*Schmidt*, Published Decisions Hold that a National Bank Is**

6                       **Only a Citizen of 1-State, Here South Dakota**

7          The Supreme Court in *Schmidt* did not decide whether a national bank may also be a

8   citizen of a second State, that of its principal place of business, because the national bank there

9   had its main office and principal place of business in the same state. *Schmidt*, at 315, n. 8 and

10  317, n. 9. However, the Supreme Court in *Schmidt* highlighted the fact that § 1348 did not

11  include the principal place of business language: "…§ 1348, underline, does not refer to 'principal

12  place of business'; <u>it simply deems</u> such associations 'citizens of the States in which they are

13  respectively located.' *Schmidt*, at 317, n. 9 (emphases added) (calling 28 U.S.C. § 1332(c)(1) a

14  "counterpart provision" to § 1348). "[T]he fairest reading of footnote nine is that the Supreme

15  Court expressed skepticism over whether the term 'located' in § 1348 included a national bank's

16  'principal place of business' in view of the absence of such term in the statute." *Excelsior Funds,*

17  *Inc. v. J.P. Morgan Chase Bank, N.A.*, 470 F. Supp. 2d 312 (S.D.N.Y. 2006) (rejecting inclusion

18  of principal place of business test).

19         Since *Schmidt*, the <u>published</u> decisions have held that § 1348 does not include the

20  principal place of test, leaving national banks a citizen of only one state – that of its main office.

21         Mostly recently, in *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 710 (8th

22  Cir. Sept. 2, 2011) ("*WMR*"), the Eighth Circuit explicitly rejected including the principal place

23  of business test in § 1348, because that test was not a test for citizenship until 1958, ten (10) years

24  after § 1348 was enacted:

25              In 1948, when Congress last amended § 1348, it had not yet created
                <u>principal-place-of-business citizenship</u>. At that time the term "located"
26              referred to the state in which the national bank had its main office, as
                designated by its articles of association. Moreover, when Congress
27              introduced principal-place-of-business citizenship for state banks and
                corporations in § 1332(c)(1), it made no reference to jurisdictional parity,
28              nor to national banks or § 1348. And nothing in §1348 indicates that it

NOTICE OF REMOVAL TO DISTRICT COURT

would incorporate by reference any subsequent change in the statutes governing jurisdiction over state banks and corporations. These circumstances strongly suggest that, with the passage of §1332(c)(1), Congress reconfigured the jurisdictional landscape of state banks and state corporations, but left that of national banks undisturbed. [¶¶] Had Congress wished to retain jurisdictional parity in 1958, it could have unequivocally done so. It did not, and consequently the concept no longer applies. Whether it ought to be revived is a policy question for Congress, not the federal courts. **We will not import a jurisdictional concept into § 1348 that was unknown at the time of its adoption.** Accordingly, we hold that, pursuant to § 1348, a national bank is a citizen only of the state in which its main office is located.

*Id.* at 708 (emphases added). *Moreno v. Wells Fargo Bank, N.A.*, No. C -11-05189, 2011 U.S. Dist. LEXIS 146195 (N.D. Cal. Dec. 21, 2011) (J. Laporte), following *WMR*.

Even before *WMR*, the published[1] District Courts decisions in California had also found Wells Fargo to be a citizen of only South Dakota. "**B. Wells Fargo is not a citizen of California.** [¶¶] …, this Court will decline Plaintiffs' invitation to apply a principal place of business test to Wells Fargo. Consequently, the Court concludes that Wells Fargo is a citizen of the state in which its main office, as specified in its articles of association, is located. *See Schmidt*, 546 U.S. at 318." *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1124 (N.D. Cal. 2010) (original bold, underline added) (also holding "Moreover, in footnote 9, the [Supreme Court in Schmidt] recognized the imperfect parity between corporations and national banks…"). *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1028 (N.D. Cal. 2010) ("Wells Fargo is a citizen of South Dakota for purposes of diversity.").

       **b.**    ***WMR* Dissent's Reliance on *American Surety* is Erroneous For Several Reasons**

The *WMR* dissent relied on *American Surety v. Bank of Cal.*, 133 F.2d 160 (9th Cir. 1943) as Ninth Circuit precedent that a national bank's principal place of business is used to determine citizenship. *WMR*, 653 F.3d at 716. Under the 1911 predecessor to § 1348, *American Surety* held:

No case defining "located", in this connection, has come to our attention. The quotation from the cited [statutory] section reveals a departure from

---

[1] The unpublished decisions are split.

> 1  the old rule that the incorporation of national banking associations under
> 2  the laws of the United States is a basis for federal jurisdiction.  [Citation]
>    There would appear to be a close analogy between such a bank and a
>    corporation national in scope.  The citizenship of a corporation is fixed by
> 3  its principal place of business, a rule which prevails even though it extends
>    its field of endeavor into other states under the sanction of the laws of such
> 4  other states.  *St. Louis & San Francisco Ry. Co. v. James*, 161 U.S. 545, 16
>    S.Ct. 621, 40 L.Ed. 802; *Southern Ry. Co. v. Allison*, 190 U.S. 326, 23
> 5  S.Ct. 713, 47 L.Ed. 1078.  In addition, a logical interpretation of the
>    phraseology of 28 U.S.C.A. § 41(16) leads to the conclusion that the
> 6  "States in which they [national banking associations] are <u>respectively
>    located</u>" are those states in which their principal places of business are
> 7  <u>maintained</u>.

*American Surety*, 133 F.2d at 161-62 (original italics; other emphases added).  *American Surety*

applied only the principal place of business test and did not even consider the main office test.[2]

*See generally Id.*

Since *WMR* came out, a few California District Courts have read *American Surety* to

continue to be viable after *Schmidt*, as detailed below.  However, the dissent's and those cases'

reliance on *American Surety* as continuing to be viable is erroneous for the following reasons:

(i) *Schmidt* has abrogated *American Surety*; (ii) *American Surety*'s premise that "located" is

undefined was superseded by statute in 1994, as pointed out by *Schmidt*; (iii) importantly,

*American Surety*'s application of the <u>principal place of business test, even to corporations, was

wrong</u> according to the Supreme Court in *Hertz*; and, (iv) *American Surety* is not controlling

under Ninth Circuit law because it merely assumed that the principal place of business test was

the correct standard for purposes of reaching a decision on the merits.

### i.   ***Schmidt* Abrogated *American Surety***

The first case to rely on *American Surety*'s continuing viability, post-*Schmidt*, is *Guinto v.*

*Wells Fargo Bank*, No. CIV.S-11-372, 2011 U.S. Dist. LEXIS 114986 (E.D. Cal. Oct. 4, 2011)

and is discussed as an example.  *Guinto* held that, because *Schmidt's* footnote 9 did not

---

[2] *See also Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972)(bank alleged to have "principal office" in California; held to be California citizen); *U.S. Nat'l Bank v. Hill*, 434 F.2d 1019, 1020 (9th Cir. 1970)(citing *American Surety* in interpreting prior version of venue statute); *Country Nat'l Bank v. Mayer*, 788 F.Supp.1136, 1142 (E.D.Cal. 1992)(following *American Surety* on citizenship and diversity in dicta; complaint alleged violations of 12 U.S.C. § 1817(j) & 15 U.S.C. § 78a).

NOTICE OF REMOVAL TO DISTRICT COURT

1    completely foreclose applying the principal place of business test <u>in conjunction</u> with the main

2    office test, *American Surety* continues to be viable. *Id.* at 11 ("it was not necessary [in *Schmidt* to

3    decide] . . . whether the bank *was also* located in North Carolina *on account of the location of its*

4    *principal place of business . . . .* This court believes that Footnote 9 is too slender a reed [to not

5    follow *American Surety*]") (emphasis added); *accord Rouse v . Wachovia Mortgage FSB*, No.

6    EDCV 11-00928, 2012 U.S. Dist. LEXIS 6962 (C.D. Cal. Jan. 13, 2012).

7         However, *American Surety* applied <u>only</u> the principal place of business test. This is

8    inconsistent with *Schmidt*, which unequivocally adopted the "<u>at least</u> main office" test. *Id.* at 307,

9    318. At most, *Schmidt* left open the possibility that the "main office <u>plus principal place of</u>

10   <u>business</u>" test could be used. *Id.* at n. 8.

11        Therefore, *American Surety* and *Schmidt* both held for <u>single, but different,</u> standards for

12   citizenship. Using the principal place of business test to the exclusion of main office as *American*

13   *Surety* did is simply irreconcilable with *Schmidt*. Naturally, *Schmidt* must now prevail. *Miller v.*

14   *Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (lower courts bound by intervening Supreme Court

15   authority where "clearly irreconcilable" with prior Ninth Circuit ruling; cases need not be

16   identical).

17        Just recently, the Court in *Flores v. Wells Fargo Bank, N.A.*, No. 3:11-cv-6619, 2012 U.S.

18   Dist. LEXIS 32648 (N.D. Cal. Mar. 12, 2012), held that:

19            **B. *Schmidt* Abrogated *American Surety***

20            * * * [¶]

21            <u>*American Surety* cannot be reconciled with the Supreme Court's decision</u>
             <u>in *Schmidt*</u>. The *American Surety* court held that '[t]he trial court was right

22            in holding that defendant is a citizen *only* of the state in which its principal
             place of business is located, the State of California.' 133 F.2d at 162

23            (emphasis added). In other words, *American Surety* held that the principal
             place of business rule is the exclusive test for citizenship of national banks

24            for diversity jurisdiction purposes. In *Schmidt*, in contrast, the Supreme
             Court interpreted the same word—"located"—to mean that a national bank

25            is a citizen of the state in which its main office, as set out in its articles of
             association, is located. 546 U.S. at 307. Thus, *Schmidt* <u>conflicts with</u>

26            *American Surety*.

27   *Flores*, at **6 & 7 (original bold, underline added).

28        *Flores* also pointed out that amongst the many uses of the word "located" in the National

1   Bank Act, none of those uses refers to the principal place of business. *Id.* at *6. In fact, one of

2   those provisions, as detailed below, statutorily links "main office" and "locate."

3              ii.      **_American Surety_'s Premise that "Located" is Undefined was**

4                       **Superseded by Statute in 1994, as Pointed Out by _Schmidt_**

5        It is important to note that *American Surety* was not informed of any definition for

6   "located" in the predecessor statute to § 1348. "<u>No case defining 'located'</u>, in this connection,

7   has come to our attention." *Id.* at 161–62. Given the state of the law in 1943, this is not

8   surprising.

9        First, *American Surety*'s resort to the citizenship rule for corporations due to an absence of

10  law on located for national banks is no longer viable now, given the 2006 landmark decision in

11  *Schmidt*.

12       Furthermore, as pointed out in footnote 1 in *Schmidt*: **"(B) Home State** [¶] The term

13  "home State" means the State in which the <u>main office</u> of a national bank is <u>located</u>." 12 U.S.C.

14  § 36(g)(3)(B) (bold in original) (underline added). "State" appears only in the <u>singular</u> tense.

15       This provision (and entire subsection (g)) was added only in 1994 by the Riegle-Neal

16  Interstate Banking Act of 1994 (the "1994 Act"), § 103, 103 P.L. 328; 108 Stat. 2338, 2352

17  ("(12 U.S.C. 36) is amended by inserting after subsection (f) (as added by section 102(b)) the

18  following new subsection: '(g) State 'Opt-In' Election To Permit . . . .") (emphasis added).

19       So while the 1994 Act permitted national banks to operate across state lines for the first

20  time (*Schmidt*, 546 U.S. at 307, n. 2), it also simultaneously defined, for the first time ("<u>new</u>

21  subsection"), the "home State" by where its "main office . . . is located." The Supreme Court in

22  *Schmidt* used the "home State" (where its "main office" is) as a national bank's State for

23  citizenship.

24       In fact, *Guinto* almost certainly missed the § 36(g)(3)(B) connection made by *Schmidt*. In

25  footnote 13, *Guinto* held that that fact that the principal place of business phrase does not appear

26  in § 1348 is no hindrance to applying the principal place of business to the statute, because the

27  statute refers only to "located" and does not reference the phrase "main office." *Id.* at *11, n. 13.

28  Obviously, *Guinto* misses the fact, as pointed out by *Schmidt* (at n. 1), that "main office" is

NOTICE OF REMOVAL TO DISTRICT COURT

1  referenced with "located" in § 36(g)(3)(B).

2      Clearly if § 36(g)(3)(B) had a predecessor in 1943, *American Surety* would not have said

3  that there was nothing "defining 'located.'"  *Id.* at 161.  Therefore, *American Surety*'s premise to

4  look outside the national bank arena, to corporations, for an "analogy" on citizenship (*Id.* at 162)

5  was superseded by statute in 1994, as confirmed by *Schmidt*'s footnote 1.

6      Simply put, *American Surety*, in addition to being abrogated by *Schmidt*, was also

7  superseded by statute, 12 U.S.C. § 36(g)(3)(B), in 1994.

8          iii.    **According to the Supreme Court, *American Surety* Was Wrong**

9                  **Even In Applying The Principal Place of Business Test to a**

10                 **Corporation**

11     As detailed in the next section, *American Surety* conducted only a cursory analysis of the

12  jurisdiction issue.  This is evidenced by the fact that its application of the **principal place of**

13  **business test even to corporations was incorrect**, according to the Supreme Court.

14     As the Supreme Court concluded in *The Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010):

15  "By 1928 this Court made clear that the 'state of incorporation' rule was virtually absolute."  *Id.*

16  at 1188 (*citing Black and White*, 276 U.S. 518, 522-525 (1928) as "("refusing to question

17  corporation's reincorporation motives…).")

18     In *Hertz*, the Supreme Court conducted a detailed historical analysis of the origins of the

19  principal place of business test for citizenship.  *Hertz*, 130 S. Ct. at 1187–90.  That analysis

20  showed that the courts formulated only the "state of incorporation" test for corporations (*Id.* at

21  1187–88 citing decisions) and that, after several failed legislative attempts between 1928 and

22  1957, Congress created, purely by statute, the principal place of business test for citizenship: "in

23  1958, Congress both codified the courts' traditional place of incorporation test and also enacted

24  into law . . . [the] 'principal place of business' language."  *Id.* at 1190 (emphases added);

25  28 U.S.C. § 1332 at Notes to 1958 amendment ("added new subsecs. (b) and (c)").  In other

26  words, the principal place of business test for citizenship had no common law precursor.

27     While *Hertz* does go on to discuss the earliest meanings of the "principal place of

28  business" phrase in the bankruptcy context (*Id.* at 1190), those cases necessarily dealt with

NOTICE OF REMOVAL TO DISTRICT COURT

1   venue—not jurisdiction.  The Constitution gives federal courts original and exclusive jurisdiction

2   over bankruptcy.  Const. Art. III § 2, and Art. I § 8 ("Congress shall have the Power [¶] To

3   establish . . . uniform Laws on the subject of Bankruptcies throughout the United States;"); *see*

4   *also* 28 U.S.C. § 1334 ("district courts shall have original and exclusive jurisdiction of all cases

5   under Title 11" [Bankruptcy Code]).

6      The principal place of business concept for bankruptcy remains in the venue section

7   today.  28 U.S.C. § 1408 ("Venue of Cases Under Title 11.  . . . district court for the district (1) in

8   which . . . principal place of business in the United States, or principal assets in the United States .

9   . . .) (emphases added).

10     The 1958 origins of principal place of business for jurisdiction had also been confirmed

11  separately in *Schmidt*:  "A business organized as a corporation, for diversity jurisdiction purposes,

12  is 'deemed to be a citizen of any State by which it has been incorporated' and, since 1958, also

13  'of the State where it has its principal place of business.' § 1332(c)(1)."  *Schmidt*, 546 U.S. at 306

14  (emphasis added).

15     In fact, even the two (2) cases relied on by *American Surety* for the principal place of

16  business test as applicable to corporations, *St. Louis & San Francisco Ry. Co. v. James*, 161 U.S.

17  545 (1896) and *Southern Ry. Co. v. Allison*, 190 U.S. 326 (1903), both actually hold that a

18  corporation's state of incorporation was the proper test for citizenship, even if that corporation

19  was later authorized to do business in a second state and conferred the title of a "domestic

20  corporation" under state law.  *St. Louis*, 161 U.S. at 564–65; *Southern*, 190 U.S. 326 at 337.  This

21  confirms the Supreme Court's historical analysis in *Hertz* and *Schmidt* on the principal place of

22  business test and *American Surety*'s error on the same.

23     In other words, *American Surety*'s application of the principal place of business test in

24  1943 is simply irreconcilable with the Supreme Court's analysis in *Hertz* (and *Schmidt*) and must

25  also be ignored on this point.

26     Unfortunately, *Guinto* appears to have relied on *American Surety* as good law as to the

27  timing of when the principal place of business test came about for a corporation to depart from

28  *WMR*.  *Guinto* stated:  "The Court is aware of [WMR] . . . WMR e-Pin, reasoning directly from

NOTICE OF REMOVAL TO DISTRICT COURT

1  the language <u>and history</u> of Section 1348, found that it does not permit the use of the 'principal

2  place of business' as the 'location' of a national bank.  That <u>reasoning is precluded</u> in the Ninth

3  Circuit by *American Surety*."  *Guinto*, No. CIV. S-11-372, 2011 U.S. Dist. LEXIS 114986, at

4  *12–13, n. 15 (underline added).

5      As a reminder, the primary reasoning of *WMR*'s majority is that the principal place of

6  business test for citizenship did not come about until 1958, ten years after § 1348 was enacted in

7  1948 ("history").  As the above discussion conclusively shows, *American Surety* was incorrect as

8  to the timing of the principal place of business test even for a corporation, and *Guinto*'s apparent

9  reliance thereon was in error.

10      Simply put, *American Surety*'s application of the principal place of business test was

11  simply wrong as a matter of law, as pointed out by the Supreme Court in *Hertz* and *Schmidt*.

12      **iv.   *American Surety*'s Holding on the Principal Place of Business**

13      **Test is Not Controlling**

14      *American Surety* merely assumed that the principal place of business test was the correct

15  standard because it was not aware of any (1943) definition of "located" and (erroneously) used

16  the principal place of business test only by analogy.  *Id.* at 161–62 ("No case defining "located",

17  in this connection, has come to our attention. . . . There would appear to be a close **analogy**

18  between such a bank and a corporation national in scope.").  It did so in order to review the

19  subrogation issue on which the trial court's decision turned.  *Id.* at 162–64.

20      In *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 843 (9th Cir. 2009), the Ninth Circuit

21  held that federal law applied in diversity actions as to the standard for a receiver, even though the

22  Ninth Circuit <u>had previously held in 1974</u>, <u>by assumption</u>, that state law applied.  Pertinent here,

23  *LaPeter* (at 843, n. 12 (emphases added)) stated:

24      To the extent we have previously applied state law, <u>we did so without</u>
        <u>deciding whether state or federal law controlled</u>.  Thus, those decisions are

25      **not controlling**.  *Estate of Bishop v. Bechtel Power Corp.*, 905 F.2d 1272,
        1275-76 (9th Cir. 1990) (court not bound by prior cases in which the

26      question was *assumed without decision*). . . . *Prudential Ins. Co. of Am. v.*
        *Fifty Assoc.*, 503 F.2d 925, 930 (9th Cir. 1974) (<u>assuming without</u>

27      <u>discussion that state law governed</u> . . . .)

28      Therefore, because *American Surety* merely assumed that the principal place of business

NOTICE OF REMOVAL TO DISTRICT COURT

1 | was the standard for a national bank's citizenship, its holding is not controlling.

2 |      Also germane here, instead of adhering to prior decisions by assumption *LaPeter* chose to

3 | follow more recent and reasoned decisions from other Circuits. *Id.* at 842–43. By this logic, the

4 | very recent and well-reasoned decision of *WMR* from the Eighth Circuit should be followed.

5 |        **c.**     **The "*Mount* Line" of Decisions is No Longer**

6 |      In *Mount v. Wells Fargo Bank, N.A.*, No. CV 08-6298, 2008 U.S. Dist. LEXIS 98193,

7 | at *4 (C.D. Cal. Nov. 24, 2008) (J. Feess), a court in the Central District of California held that

8 | Wells Fargo was also a citizen of California because its principal place of business is located

9 | there. *See also Saberi v. Wells Fargo Home Mortgage*, No. 10CV1985, 2011 U.S. Dist. LEXIS

10 | 5286, at *7–8 (S.D. Cal. Jan. 20, 2011) (following *Mount*'s principal place of business test).

11 | However, the *Mount* Court (Judge Feess) re-examined the issue of Wells Fargo's citizenship in

12 | *Kasramehr v. Wells Fargo Bank N.A.*, No. CV 11-0551, 2011 U.S. Dist. LEXIS 52930, at *6

13 | (C.D. Cal. May 17, 2011) and "conclude[d] that under [28 U.S.C.] § 1348, a national banking

14 | association is a citizen of the state of its main office as designated in its articles of association,

15 | and <u>not also</u> a citizen of the state of its principal place of business. Thus, Wells Fargo is a citizen

16 | of South Dakota." The Court noted that the principal place of business provision in 28 U.S.C. §

17 | 1332(c)(1), applicable to state-chartered corporations, did not come into existence until ten (10)

18 | years after Section 1348, applicable to national banking associations, was enacted, and that if

19 | "Congress had intended for national banks likewise to be deemed citizens of the states of their

20 | principal places of business, <u>it likely would have similarly amended *§ 1348*</u> to contain a reference

21 | to national banks' 'principal places of businesses.' Its failure to do so suggests that <u>Congress did</u>

22 | <u>not intend for a national bank to be deemed a citizen of the state of its principal place of</u>

23 | <u>business.</u>" *Id.* at *5–6 (emphases added). Therefore, *Kasramehr* effectively vacated the Court's

24 | own decision in *Mount*, and by implication, all decisions following *Mount* and its principal place

25 | of business test, such as *Saberi*, *Gutterman v. Wachovia Mortgage*, No. CV 11-1611, 2011 U.S.

26 | Dist. LEXIS 74521 (C.D. Cal. Mar. 31, 2011) (J. Feess), *Goodman v. Wells Fargo Bank, N.A.*,

27 | No. CV 11-2685, 2011 U.S. Dist. LEXIS 63165 (C.D. Cal. June 1, 2011) (J. Walter), *Naumoff v.*

28 | *Wells Fargo Bank*, No. CV 11-7106, 2011 U.S. Dist. LEXIS 128045 (C.D. Cal. Nov. 2, 2011)

NOTICE OF REMOVAL TO DISTRICT COURT

1  and *Stewart v. Wachovia Mortgage*, No. CV 11-06108, 2011 U.S. Dist. LEXIS 85822 (C.D. Cal.

2  Aug. 2, 2011) (J. Morrow); *see also McNeely v. Wells Fargo Bank, N.A.*, No. SACV 11-01370,

3  2011 U.S. Dist. LEXIS 126970, at *9 (C.D. Cal. Nov. 1, 2011) (noting *Mount*'s reversal and

4  finding only South Dakota citizenship).

5       In fact, Judge Morrow of *Stewart* (which had also followed *Mount*) also subsequently

6  changed her position in *Mireles v. Wells Fargo Bank, N.A.*, No. CV 11-07720, 2012 U.S. Dist.

7  LEXIS 3871 (C.D. Cal. 2012): "Recognizing Congress's intent to create parity, the *Excelsior*

8  court noted that at the time § 1348 was enacted, a state bank was only a citizen of a single state:

9  the state in which was incorporated.  [citation].  As a result, <u>jurisdictional parity at the time the</u>

10  <u>statute was passed was achieved by limiting a national bank's citizenship to a single location</u>."

11  *Id.* at *6 (emphasis added).

12       Relevant to the present, Judge Morrow pointed out that it would not be appropriate to

13  depart from a historical construction of § 1348, which was enacted in its present form in 1948,

14  because "<u>one can only speculate</u> as to what Congress' intent would have been had it known that

15  the citizenship of state banks would be changed decades in the future."  *Id.* at *68 (emphasis

16  added).

17       In addition to *Kasramehr* and *Mireles*, numerous other unpublished District Court

18  decisions in California have also held that Wells Fargo is only a citizen of California, this is in

19  addition to the <u>uniform</u>, post-Schmidt published decisions.  *See also Tse v. Wells Fargo Bank,*

20  *N.A.*, No. C10-4441, 2011 U.S. Dist. LEXIS 6796, at *8 (N.D. Cal. Jan. 19, 2011) ("Wells Fargo

21  is a citizen of South Dakota;" denying motion to remand); *Atienza v. Wells Fargo Bank, N.A.*, No.

22  C 10-03457, 2011 U.S. Dist. LEXIS 1738, at *6 (N.D. Cal. Jan. 4, 2011) ("Thus, Wells Fargo is a

23  citizen of South Dakota for purposes of diversity jurisdiction."); *Giordano v. Wachovia*

24  *Mortgage, FSB*, No. 5:10-cv-04661, 2010 U.S. Dist. LEXIS 136284, at *5 (N.D. Cal. Dec. 14,

25  2010) (finding Wells Fargo is a citizen of South Dakota; denying motion for remand): *Silva v.*

26  *Wells Fargo Bank, NA*, No. CV 11-3200, 2011 U.S. Dist. LEXIS 64636, at *6 (C.D. Cal. June 16,

27  2011) ("Wells Fargo's main office is in South Dakota.  [Citation.]  It is accordingly, a citizen of

28  South Dakota."); *Albarran v. Wells Fargo Bank*, No. SACV 11-00548, 2011 U.S. Dist. LEXIS

59635, at *4 (C.D. Cal. May 26, 2011) ("Wells Fargo is a citizen of South Dakota because Wells Fargo's main office, as set forth in its articles of association, is located in Sioux Falls, South Dakota."); *Taguinod v. World Sav. Bank, FSB*, No. CV 10-7864, 2010 U.S. Dist. LEXIS 140509, at *4 (C.D. Cal. Dec. 2, 2010) (Wells Fargo is deemed to be a citizen of South Dakota.); *Cochran v. Wachovia Bank, N.A.*, No. CV 10-018, 2010 U.S. Dist. LEXIS 38379, at *3 (C.D. Cal. Mar. 9, 2010); *Marzette v. Provident Sav. Bank, F.S.B.*, 2011 U.S. Dist. LEXIS 130657, * 3–4 (E.D. Cal. 2011); *Heard-Rodriguez v. World Savings Bank, FSB*, No. CV 12-00129, 2012 U.S. Dist. LEXIS 43529, * 4-5 (C.D. Cal. Mar. 28, 2012); *Forsythe v. Wells Fargo Bank, N.A.*, No. CV 12-00139, 2012 U.S. Dist. LEXIS 44031, * 5 (C.D. Cal. Mar. 28, 2012) ("As the Supreme Court has noted, section 1348 governs national banks and section 1332(c)(1) governs corporations.").

Accordingly, Wells Fargo is only a citizen of South Dakota for diversity purposes.

**3.    Amount in Controversy**

The amount in controversy exceeds $75,000. Compl. Prayer for Relief ("Award of $10,000 in statutory and actual damages … . Award punitive damages in an amount to deter further unlawful … .") Generally, "[t]he amount in controversy is determined from the allegations or prayer of the complaint." Schwarzer et al., *Fed. Civ. Proc. Before Trial*, ¶ 2:450 (2009) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938), which held that an inability to recover an amount adequate to give the court jurisdiction does not oust the court of jurisdiction).

**B.    FEDERAL QUESTION JURISDICTION**

1.    This is a civil action over which this Court has original jurisdiction. 28 U.S.C. § 1331 (governing federal question jurisdiction). The state court action is removable pursuant to 28 U.S.C. § 1441(b) because it arises under the Fair Credit Reporting Act -- 15 U.S.C. § 1681s-2(b) -- a federal statute.

2.    In addition, this Court has supplemental jurisdiction over the remaining eight claims listed in Plaintiff's complaint, which purport to be grounded in state law. *See* 28 U.S.C. §§ 1367(a) & 1441(c).

NOTICE OF REMOVAL TO DISTRICT COURT

## II.  TIMELINESS

This Notice is timely, pursuant to 28 U.S.C. § 1446(b), because Wells Fargo received the complaint on July 3, 2012.  The other defendants are Does, which are ignored for diversity purposes.  Thus, no other joinders are required to perfect removal of the State Court Action. *Salveson v. Western States Bankcard Ass'n*, 730 F.2d 1423, 1429 (9th Cir. 1984).

## III.  OTHER PERTINENT INFORMATION

A.      Pursuant to 28 U.S.C. § 1446(a), Wells Fargo files this Notice in the District Court of the United States for the district and division within which the State Court Action is pending. As such, this case is being removed to the United States District Court for the Northern District of California, San Francisco or Oakland Division, because the State Court Action is pending in Alameda County. See 28 U.S.C. § 1441(a); Civil L.R. 3-2(d).

B.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice with its attachments will promptly be served on plaintiff in the State Court Action, and notice thereof will be filed with the clerk of the Alameda County Superior Court.

WHEREFORE, Wells Fargo hereby removes Alameda County Superior Court Case No. HG12637438  to the United States District Court for the Northern District of California.

DATED: July 24, 2012                    Respectfully submitted,

                                                    SEVERSON & WERSON
                                                    A Professional Corporation


                                                    By:  /s/ Alisa A. Givental
                                                                   Alisa A. Givental

                                                    Attorneys for Defendant
                                                    WELLS FARGO BANK, N.A.

# EXHIBIT A



**CORPORATION SERVICE COMPANY**

## Notice of Service of Process

**CRH / ALL**
**Transmittal Number: 10082453**
**Date Processed: 07/05/2012**

| | |
|---|---|
| Primary Contact: | WF West - WF Bank<br>Corporation Service Company- Wilmington, DELAWARE<br>2711 Centerville Rd<br>Suite 400<br>Wilmington, DE 19808 |

| | |
|---|---|
| Entity: | Wells Fargo Bank, National Association<br>Entity ID Number  2013649 |
| Entity Served: | Wells Fargo Bank, National Association |
| Title of Action: | Sarah Montgomery vs. Wells Fargo Bank, National Association |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Alameda County Superior Court, California |
| Case/Reference No: | HG12637438 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 07/03/2012 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Scott J. Sagaria<br>408-279-2288 |
| Client Requested Information: | Matter Management User Groups: [Service of Process] |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Wells Fargo Bank, National Association an FDIC insured corporation
and DOES 1 through 100 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Sarah Montgomery

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
**ENDORSED**
**FILED**
ALAMEDA COUNTY

JUL - 2 2012

CLERK OF THE SUPERIOR COURT
By_____ CHERYL CLARK
Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.
 You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
 There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*
 *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
 *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Alameda<br><br>24405 Amador Street<br>Hayward CA, 94544 | CASE NUMBER:<br>*(Número del Caso):*<br>HG 12637438 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Elliot Gale, 333 West San Carlos Street, Suite 1750 San Jose, CA 95110, 1-408-279-2288

DATE: July 2, 2012        PAT S. SWEETEN        Clerk, by        CHERYL CLARK        Deputy
*(Fecha)* JUL - 2 2012    Executive Officer/Clerk of the Superior Court          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br>Wells Fargo Bank, National Association an FDIC Insured<br>3. ☑ on behalf of *(specify):* Corporation<br>under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)<br>☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |
|---|---|

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

SCOTT J. SAGARIA (BAR # 217981)
ELLIOT W. GALE (#263326)
SAGARIA LAW, P.C.
333 West San Carlos Street, Suite 1750 San Jose, CA 95110.
TELEPHONE NO.: 408-279-2288    FAX NO.: 408-279-2299

ATTORNEY FOR *(Name):* Sarah Montgomery

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward CA, 94544
BRANCH NAME: Civil

**ENDORSED
FILED
ALAMEDA COUNTY**

**JUL - 2 2012**

CLERK OF THE SUPERIOR COURT
CHERYL CLARK
By_____
Deputy

CASE NAME:
Montgomery v. Wells Fargo Bank, National Association

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER FG 12637438 |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Three
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 2 2012
Elliot Gale
_____
(TYPE OR PRINT NAME)

▶_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

ENDORSED
FILED
ALAMEDA COUNTY

JUL - 2 2012

CLERK OF THE SUPERIOR COURT
By_____CHERYL CLARK
                                                    Deputy

1   SCOTT J. SAGARIA (BAR # 217981)
    SJsagaria@sagarialaw.com
2   ELLIOT W. GALE (BAR #263326)
    Egale@sagarialaw.com
3   SAGARIA LAW, P.C.
    333 West San Carlos Street, Suite 1750
4   San Jose, CA 95110
    408-279-2288 ph
5   408-279-2299 fax

6   Attorneys for Plaintiff

7

8                                                   BY FAX

            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF ALAMEDA

10

11                              CASE NO.:   HG 12637438

12

13                              COMPLAINT FOR DAMAGES:

14  SARAH MONTGOMERY,            1.  Violation of Fair Credit Reporting Act;
                                 2.  Violation of California Consumer Credit
15              Plaintiff,           Reporting Agencies Act;
                                 3.  Violation of California Unfair Business
16      v.                           Practices Act;

17

18  WELLS FARGO BANK, NATIONAL
    ASSOCIATION an FDIC insured
19  corporation and DOES 1 through 100
    inclusive,
20

21              Defendants.

22

23  COMES NOW Plaintiff SARAH MONTGOMERY, an individual, based on information and

24  belief, to allege as follows:

25

26

27

28

                        COMPLAINT - 1

## INTRODUCTION

1. This action seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their inaccurate reporting of Plaintiff's discharged debt. In particular, Defendants' conduct involves improperly continuing to report Plaintiff's account "charged off" instead of discharged in bankruptcy, after receiving notice of Plaintiff's dispute from Equifax. Plaintiff seeks monetary and declaratory relief based on violations of Fair Credit Reporting Act, 15 U.S.C. 1681 et. seq., and California Consumer Credit Reporting Act, California Civil Code §1785.1 et seq. Additional causes of actions are stated for violations of the California Business and Professions Code 17200.

## JURISDICTION AND VENUE

2. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.

3. Plaintiff, Isagani Asuncion (hereinafter "Plaintiff"), is an individual and currently resides in the county of Alameda, California.

4. This venue is proper pursuant to California Code of Civil Procedure § 395.5.

5. This Court has jurisdiction over Plaintiff's allegations pursuant to California Code of Civil Procedure § 410.10 et seq.

6. Plaintiff is a natural person and competent adult who at all relevant times in this Complaint resided in the State of California.

7. Defendant, Wells Fargo Bank, National Association (hereinafter "Creditor") is located at 101 N. Phillips Ave., Sioux Falls SD 57104. Creditor collects debts on its own behalf throughout the county of Alameda.

8. Plaintiff is unaware of the true names and capacities of Defendants DOES 1 through 100, inclusive. Plaintiff is informed and believes and thereon alleges that each fictitious Defendant was in some way responsible for the matters and things complained of herein, and in some fashion, has legal responsibility therefore. When the exact nature

and identity of each fictitious Defendant's responsibility for the matters and things herein alleged are ascertained by Plaintiff, Plaintiff will seek to amend this Complaint and all proceedings to set forth the same, pursuant to California Code of Civil Procedure 474.

9. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each of Defendant is, and at all relevant times herein was, the agent, employee, and alter ego of each of the remaining Co-Defendants, and in committing the acts herein alleged, was acting in the scope of their authority as such agents, employees, or alter egos and with the permission and consent of the remaining Co-Defendants.

## PRE-LITIGATION CLAIM FILINGS

10. On or about April 30, 2011 Plaintiff sent Equifax a written notice disputing Creditor's improper reporting of Plaintiff's account as "charged off" instead of discharged in bankruptcy. Pursuant to Section 1681i(a)(2) of the Fair Credit Reporting Act, Equifax provided notice to Creditor of Plaintiff's dispute. After receiving notice of Plaintiff's allegations, Creditor verified that it received notice of Plaintiff's from Equifax and continued inaccurately reporting the collection notation.

## GENERAL ALLEGATIONS

11. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

12. On March 8, 2010 Plaintiff filed a joint voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California.

13. In the Schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, an unsecured debt was listed on Schedule F in favor of Creditor in the amount of $8,718.00 (hereinafter "Debt").

14. On June 2, 2010 Plaintiff was granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 727.   Creditor was noticed by electronic transmission of Plaintiff's

1       discharge on June 5, 2010. Since Plaintiff never re-affirmed Creditor's debt during

2       bankruptcy, Plaintiff alleges that this Discharge included the debt to Creditor.

3   15. On April 30, 2011 Plaintiff sent written notice to Equifax specifically disputing

4       Creditor's inaccurate reporting of Plaintiff's account as in "collection" after Plaintiff

5       received a discharge in bankruptcy.

6   16. On May 31, 2011 Plaintiff received a copy of her Equifax credit report a compilation of

7       credit reports from in order to verify that the inaccuracies on Plaintiff's credit report

8       were corrected. Creditor continued reporting to Equifax Plaintiff's account as charged

9       off rather than discharged in bankruptcy.

10  17. To date, Creditor refuses to correct Plaintiff's credit report despite being noticed of the

11       original bankruptcy and re-noticed of its inaccurate reporting from Equifax.

12  18. The actions of Creditor as alleged herein are acts in violation of the Fair Credit

13       Reporting Act, 15 U.S.C. § 1681s-2(b).

14  19. The actions of Creditors as alleged herein are acts in violation of the consumer credit

15       reporting agencies act California Civil Code § 1785.25(a).

16  20. The actions of Creditors as alleged herein are acts in violation of the California

17       Business and Professions Code § 17200.

18                       **FIRST CAUSE OF ACTION**

19                 (Violation Of Fair Credit Reporting Act
15 U.S.C. § 1681s-2(b))

20             (Against Defendant Creditor and Does 1-100)

21  21. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and

22       every paragraph above, as though fully set forth herein.

23  22. Creditor, in the course of regular business, reports information to credit reporting

24       agencies.

25  23. Plaintiff promptly disputed Creditor's inaccurate reporting with Equifax. Equifax sent

26       notice of Plaintiff's dispute to Creditor pursuant to Section 1681i(a)(2) of the Fair

27       Credit Reporting Act. Creditor was thereafter under a duty to reasonably investigate

28       Plaintiffs dispute and to modify, delete, or block the information if the investigation

finds the information is incomplete or inaccurate pursuant to section 15 U.S.C. 1681s-2(b)(1)(A) & (E).

24. Plaintiff is informed that Creditor violated 15 U.S.C. 1681s-2(b)(1)(A) by failing to reasonably investigate Plaintiff's dispute after receiving notice from Equifax. Specifically, Plaintiff is informed that Creditor, after receiving notice of Plaintiff's dispute from Equifax, should have discovered from its records, including the two notices sent from the bankruptcy noticing center, that Plaintiff's account was discharged in bankruptcy. Because Plaintiff was no longer personally obligated to pay the preexisting debt with Creditor, Creditor should not have reported the account as open and charged off.

25. Plaintiff is informed that Creditor violated 15 U.S.C. 1681s-2(b)(1)(E) by failing to discover and remove the derogatory delinquent notation on Plaintiff's credit report. Specifically, Creditor should have reported to Equifax that Plaintiff's credit report should indicate that Plaintiff's account was discharged in bankruptcy.

26. Creditor's failure to correct the previously disclosed inaccuracies on Plaintiff's credit report was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information. Consequently, creditor willfully and negligently failed to comply with its duty to investigate Plaintiff's dispute under 15 U.S.C. 1681(n) & (o).

27. As a direct and proximate result of Creditor's willful and untrue communications, Plaintiff has suffered actual damages including but not limited to reviewing credit reports from all three consumer reporting agencies, traveling to and from Plaintiff's counsel's office, sending demand letters, continued impairment to her credit score, and such further expenses in an amount to be determined at trial.

28. As a further direct and proximate result of Creditor acts state herein, Plaintiff incurred pain and suffering, was impeded in seeking necessary products and services from vendors and additional credit from other credit agencies.

29. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### SECOND CAUSE OF ACTION
(Violation Of Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a))
(Against Defendants Creditor and Does 1-100)

30. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

31. Creditor, in the ordinary course of business, regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies.

32. Creditor intentionally and knowingly reported inaccurate and false information regarding delinquency in payment after Plaintiff received a discharge in bankruptcy to credit reporting agencies in violation of California Civil Code § 1785.25(a).

33. Creditor should have discovered through investigation that the reported information of Plaintiff's account was inaccurate.

34. Creditor failed to correct inaccurate information provided to the agencies as described hereinabove in violation of California Civil Code § 1785.25(a).

35. Creditor's communications of false information, and repeated failures to investigate, and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

36. As a direct and proximate result of Creditors willful and untrue communications, Plaintiff has suffered actual damages including but not limited to reviewing credit reports from all three consumer reporting agencies, traveling to and from Plaintiff's counsel's office, sending demand letters, continued impairment to her credit score, and such further expenses in an amount to be determined at trial.

37. As a further direct and proximate result of Creditor acts state herein, Plaintiff incurred pain and suffering, was impeded in seeking necessary products and services from vendors and additional credit from other credit agencies.

38. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

COMPLAINT - 6

### THIRD CAUSE OF ACTION
(Unfair Business Practices Act
California Business and Professions Code § 17200)
(Against Defendant Creditor and Does 1-100)

58. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

59. Plaintiff brings this action in individual capacity and on behalf of the general public.

60. Creditor at all times relevant to this Complaint, was engaged in the business of collections and providing services on credit to qualified applicants.

61. Commencing on or about January 18, 2011 and continuing to the present, Creditor committed the acts of unfair practices as defined by Business and Professions Code § 17200 and described in the above stated Causes of Action.

62. Creditor's misleading and unfair practice within the meaning of Business and Professions Code § 17200 specifically includes Creditor's continued inaccurate reporting after receiving notice of Plaintiff's dispute in violation of California Civil Code § 1785.25(a).

63. These unfair and unlawful business practices of Creditor are likely to continue and therefore will continue to injure Plaintiff and mislead the public by inaccurate record keeping, failure to correct inaccuracies and erroneous dissemination of inaccurate information, and present a continuing threat to the public.

65. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    a. For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

    b. Award $10,000 in statutory and actual damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31;

    c. Award punitive damages in an amount to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n; and California Civil Code § 1785.31

d.  Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1681n & o; and California Civil Code § 1785.31;

e.  For determination by the Court that Creditor's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; California Business and Professions Code § 17200, et seq.; and California Civil Code §§ 45, 1785.25(g), et seq.;

f.  For determination by the Court that Creditor's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o;

g.  For such other and further relief as the court deems appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

SAGARIA LAW, P.C.

Dated: July 2, 2012          By: _____

Elliot Gale, Esq.
Attorneys for Plaintiff

COMPLAINT - 8



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/adr

---

## What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

## What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

## What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Telephone: (510) 548-2377   Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035   Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100   Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                     FAX NO. *(Optional)*: E-MAIL ADDRESS *(Optional)*: ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY
   STREET ADDRESS:
   MAILING ADDRESS:
   CITY AND ZIP CODE:
   BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1.  Date complaint filed: _____. An Initial Case Management Conference is scheduled for:

    Date:                          Time:                          Department:

2.  Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

    ☐ Court mediation          ☐ Judicial arbitration
    ☐ Private mediation        ☐ Private arbitration

3.  All parties agree to complete ADR within 90 days and certify that:

    a.  No party to the case has requested a complex civil litigation determination hearing;
    b.  All parties have been served and intend to submit to the jurisdiction of the court;
    c.  All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
    d.  Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
    e.  Case management statements are submitted with this stipulation;
    f.  All parties will attend ADR conferences; and,
    g.  The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶ _____
      (TYPE OR PRINT NAME)                         (SIGNATURE OF PLAINTIFF)

Date:

_____          ▶ _____
      (TYPE OR PRINT NAME)                      (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____   ▶   _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF DEFENDANT)

Date:

_____   ▶   _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)