1  SCOTT J. SAGARIA (BAR # 217981)
   SJSagaria@sagarialaw.com
2  ELLIOT W. GALE (BAR #263326)
   Egale@sagarialaw.com
3  SAGARIA LAW, P.C.
   333 West San Carlos Street, Suite 1750
4  San Jose, CA 95110
   408-279-2288 ph
5  408-279-2299 fax

6  Attorneys for Plaintiff

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12                                        Case No.: 3:12-CV-03895-TEH

13  SARAH MONTGOMERY,

14       Plaintiff,

15  vs.                                   PLAINTIFF SARAH MONTGOMERY'S
                                          MEMORANDUM OF POINTS AND
16  WELLS FARGO BANK, NATIONAL            AUTHORITIES IN OPPOSITION TO
    ASSOCIATION, AN FDIC INSURED          DEFENDANT'S MOTION TO DISMISS
17  CORPORATION AND DOES 1-100            PLAINTIFF'S COMPLAINT
    INCLUSIVE,
18                                        Courtroom: 4, 3rd Floor
                                          Date: November 1, 2012
19       Defendants.                      Time: 11:00 a.m.
                                          Judge: Honorable Thelton E. Henderson
20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page(s)

I.  INTRODUCTION......................................................................................6

II. STATEMENT OF RELEVANT FACTS AND ISSUES TO BE
    DECIDED........................................................................................6

III. LEGAL ARGUMENT.............................................................................7

    a.  Legal Standard Governing A Motion To Dismiss.....................................7

    b.  Plaintiff's First Cause of Action Sufficiently States A Claim For Violation Of the
        Fair Credit Reporting Act Based On Defendant's Unreasonable Investigation And
        Continued Inaccurate Reporting To Experian.........................................8

        i.  Plaintiff's Complaint Pleads Facts Sufficient To Identify A Factual
            Inaccuracy On Her Credit Report ...............................................9

            1.  Reporting A Credit Account As "Charged Off" After The Account
                Is Discharged in Bankruptcy Is Inaccurate Under The Fair Credit
                Reporting Act.................................................................10

        ii. Plaintiff's Complaint Adequately Pleads The Remaining Elements Of An
            FCRA Claim ...................................................................12

        iii. Plaintiff's Complaint Contains Sufficient Facts To Support A Claim For
            Actual Damages................................................................14

    c.  Plaintiff's Second Cause Of Action Adequately States A Claim For Violation Of
        California Consumer Credit Reporting Agencies Act § 1785.25(a).................15

    d.  Plaintiff's Third Cause Of Action Based On Defendant's Violation Of California
        Consumer Credit Reporting Agencies Act § 1785.25(a) Also Adequately States A
        Claim For Violation of California Business & Professions Code
        §17200.........................................................................16

    e.  Plaintiff's Claims Are Not Barred By The Bankruptcy Code.......................16

IV. CONCLUSION....................................................................................19

**TABLE OF AUTHORITES**

Page(s)

CASES

*Ashcroft v. Iqbal,* 556 U.S. 662, 674 (2009).............................................................8

*Christensen v. Harris Cnty.,* 529 U.S. 576, 591 (2000)..............................................11

*Davis v. Monroe County Bd. of Educ.,* 526 U.S. 629, 633 (1999)..............................7

*Erickson v. Pardus,* 551 U.S. 89, 93-94, (2007)........................................................8

*Jackson v. Birmingham Bd. of Educ.,* 544 U.S. 167, 184 (2005)...............................8

*Local Loan Co. v. Hunt,* 292 U.S. 234, 244 (1934)....................................................10

*Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 51 (2007).............................................8

*Drew v. Equifax Info. Servs., LLC.,* No. 11-15008, 2012 U.S. App. LEXIS 16378, at *8 (9th Cir. April 20, 2012)...................................................................................9, 12

*Gorman v. Wolpoff & Abramson LLP.,* 584 F.3d 1147, 1153 (9th Cir. 2009)...............................................................................9, 13, 15

*Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000)..................................................8

*Turner v. J.V.D.B. & Assocs., Inc.,* 330 F.3d 991, 995 (7th Cir. 2003).......................12

*Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502, 505 (9th Cir. 2002)....................17, 18

*Acosta v. Transunion LLC.,* 243 F.R.D. 377, 392 (C.D. Cal. 2006).............................12

*Ali v. Capital One,* NO. CV F 11-2115-LJO-SKO, 2012 U.S. Dist. LEXIS 50928, at *10-11 (E.D. Cal. April 10, 2012)..........................................................................14

*Alkan v. Citimortgage,* 336 F. Supp. 2d 1061, 1063-1064 (N.D. Cal. 2004)..................14, 15

*Banga v. Allstate Ins. Co.,* No. CIV S-08-1518 LKK EFB PS, 2011 U.S. Dist. LEXIS 20483, at *23 (E.D. Cal. March 1, 2011)......................................................................12

*Bradshaw v. BAC Home Loans,* 816 F. Supp. 2d 1066, 1073 (D. Org. 2011).......................10

*Browndorf v. TD Bank, N.A.,* No. SACV12-0223 DOC(JPRx), 2012 U.S. Dist. LEXIS 99237, at *16 (C.D. Cal. July 17, 2012)..................................................10, 12, 15, 17, 18

*Guillen v. Bank of America,* NO. 5:10-cv-05825 EJD (PSG), 2011 U.S. Dist. LEXIS 98860, at *11 (N.D. Cal. August 31, 2011)......................................................................13

*Hanks v. Talbots Classics Nat'l Bank,* No. C 12-2612 SI, 2012 U.S. Dist. LEXIS 109934, at * 2-3 (N.D. Cal. August 6, 2012)...................................................................................12, 13, 18

*Henry v. Saxon Mortg., Inc.,* No. CV-10-2551-PHX-JAT, 2011 U.S. Dist. LEXIS 128841, at *3-4 (D. Ariz. November 7, 2011)...........................................................................................18

*Montgomery v. PNC Bank, N.A.,* No. C-12-2453 SC, 2012 U.S. Dist. LEXIS 120704, at *6-8 (N.D. Cal. August 24, 2012)....................................................................................................10

*Mouton v. AmeriCredit Fin. Servs.,* NO. C 04-02485 JW, 2005 U.S. Dist. LEXIS 32185, at *3 fn. 3 (N.D. Cal. June 28, 2005)...................................................................................................12

*Peterson v. Wash. Mut. Bank,* No. C-10-01462 JCS, 2010 U.S. Dist. LEXIS 144391, at * 26 (N.D. Cal. July 29, 2010)...................................................................................................9, 12

*Reagan v. Am. Home Mortg. Servicing,* No. C 11-00704 WHA, 2011 U.S. Dist. LEXIS 58293, at *5 (N.D. Cal. May 31, 2011)....................................................................................................13

*Wang v. Asset Acceptance, LLC.,* No. C 09-04797 SI, 2010 U.S. Dist. LEIXS 91946, at *5 (N.D. Cal. July 27, 2010)......................................................................................................13

*White v. Transunion LLC.* 462 F. Supp. 2d 1079, 1083 (C.D. Cal. 2006).........................12, 16

*Progressive West Ins. Co. v. Superior Court,* (2005) 135 Cal. App. 4th 263, 287, 37 Cal. Rptr. 3d 434, 454...................................................................................................................16

*Ticconi v. Blue Shield of California Life & Health Ins. Co.,* (2008) 160 Cal. App. 4th 528, 539, 72 Cal. Rptr. 3d 888, 899.............................................................................................16

*In re Irby,* 337 B.R. 293, 296 (Bankr. N.D. Ohio 2005).........................................................17

*In re Jones,* 389 B.R. 146, 149 (Bankr. D. Montana 2008)..........................................18, 19

*In re Singley,* 233 B.R. 170, 175 (S.D. Ga.1999)..................................................................12

*In re Sommersdorf,* 136 B.R. 700, 701 (Bankr. S.D. Ohio 1992)........................................12

*Torres v. Chase Bank USA, N.A., In re Torres,* 367 B.R. 478, 488 (Bankr. S.D.N.Y. 2007)...........................................................................................12, 17, 18

*Russell v. Chase Bank USA, N.A., In re Russell,* 378 B.R. 735, 742–43 (Bankr. E.D.N.Y. 2007).............................................................................................................12

*Winslow v. Salem Five Mortgage Co., In re Winslow,* 391 B.R. 212, 216

(Bankr. D. Me. 2008)............................................................................12

STATUES

Federal Fair Credit Reporting Act, 15 U.S.C. §1681(a)(1)...................................8

Federal Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(a)(1)..............................9

Federal Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(a)(3)............................11

Federal Fair Credit Reporting Act, 15 U.S.C. § 1681(c)...................................10

Federal Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)............................9, 14

Federal Fair Credit Reporting Act, 15 U.S.C. § 1681(n)&(o)..............................14

Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692..............................17

11 U.S.C. § 727(b)............................................................................10

11 U.S.C. § 524(a)(2).........................................................................17

Cal. Civ. Code § 1785.25(a)............................................................6, 15, 16

Cal. Civ. Code § 1785.31...................................................................15

California Business and Professions Code § 17200....................................6, 16

OTHER RULES

FED. R. CIV. P. 12(B)(6)..............................................................7, 10, 13

OTHER AUTHORITY

*40 Years of Experience with the Fair Credit Reporting Act*; An FTC Staff Report with Summary
of Interpretations at p. 68, par. 6, July 2011.............................................11

## I. __INTRODUCTION__

Defendant Wells Fargo Bank, National Association motion to dismiss Plaintiff's complaint for violations of the Fair Credit Reporting Act ("FCRA"), California Consumer Credit Reporting Agencies Act ("CCCRAA"), and California Business & Professions Code § 17200. ("UCL") should be denied for three simple reasons. First, Plaintiff has adequately identified a factual inaccuracy on her credit report. It is well settled that the FCRA and CCCRAA prohibit credit furnishers, providing information on an account included a bankruptcy petition, from reporting the account as "charged off" after entry of the discharge order. Second, Plaintiff has provided sufficient facts to support the remaining elements of the three claims alleged and the actual damages incurred as a result of Defendant's inaccurate reporting. Third, contrary to Defendant's assertion, Plaintiff has not alleged that Defendant reported inaccurate information in an attempt to collect on a discharged debt in violation of the bankruptcy discharge injunction. More importantly, even if Plaintiff did allege facts justifying a cause action under the Bankruptcy Code as well, Plaintiff's complaint would still not be barred by the Bankruptcy Code. Plaintiff, therefore, respectfully requests that this Court deny Defendant's motion to dismiss Plaintiff's complaint in its entirety.

## II. __STATEMENT OF RELEVANT FACTS AND ISSUES TO BE DECIDED__

Plaintiff filed a voluntary Chapter 7 bankruptcy petition on March 8, 2010. Compl., at ¶ 12. At the time Plaintiff filed for bankruptcy, Plaintiff listed on her bankruptcy petition an unsecured debt owed to Defendant. Compl., at ¶ 13. On June 2, 2010 Plaintiff received a discharge of all dischargeable debts including the unsecured debt owed to Defendant. Compl., at ¶ 15. After entry of the discharge order, Plaintiff submitted a dispute letter to Equifax on April 30, 2011 requesting a full investigation of information that Defendant reported to Equifax. Compl., at ¶ 10. Specifically, Plaintiff disputed Defendant's reporting of a derogatory "charge

off" notation on Plaintiff's credit account after Plaintiff received a discharge in bankruptcy. Compl., at ¶ 15. Plaintiff alleges that the information was inaccurate because this account was included in Plaintiff's bankruptcy petition and should have been reported as discharged in bankruptcy once Defendant choose to continue reporting on the account. Compl. at ¶ 16.

On May 31, 2011 Plaintiff received an updated Equifax credit report. The credit report indicates that Defendant verified the accuracy of the "charge off" notation to Equifax even after receiving notice of Plaintiff's bankruptcy discharge and dispute. Compl. at ¶1. Plaintiff further alleges that Defendant' failed to reasonably investigate Plaintiff's dispute and rectify its past misreporting. Compl., at ¶ 24-25. More specifically, Plaintiff alleges this to be the case because Defendant should have discovered from its records, including two notices from the bankruptcy noticing center and one notice from Equifax, that Plaintiff's account was included in her bankruptcy petition. Compl., at ¶ 24-25. As such Plaintiff's credit should have been reported as discharged in bankruptcy. Compl., at ¶ 24-25. Plaintiff filed this action in the Superior Court of Alameda County on July 2, 2012. Plaintiff's complaint states three causes of action for violation of the FCRA, 15 U.S.C. § 1681s-2(b), the CCCRAA, California Civil Code § 1785.25(a), and the UCL. Defendant removed the complaint to this Court on July 25, 2012 and filed the instant motion alleging that Plaintiff's FCRA, CCRAA, and UCL claims should be dismissed with prejudice.

### III. LEGAL ARGUMENT

a. Legal Standard Governing A Motion to Dismiss

A motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of the claims in the complaint. Fed. R. Civ. P. 12(b)(6); *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633 (1999). A dismissal is generally proper only if the complaint "lacks a cognizable legal theory or does not contain sufficient facts to state a claim for

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 676.

In evaluating a motion to dismiss, the court does not look at whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence to support the asserted claims. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 184 (2005) (quotation omitted). In so doing, the court must limit its review to the contents of the complaint, must construe the allegations in the light most favorable to Plaintiff, and must accept all of Plaintiff's allegations as true. *Erickson v. Pardus,* 551 U.S. 89, 93-94, (2007). In the event that the court dismisses Plaintiff's complaint, leave to amend should be granted even if no request to amend is made "unless the court determines that the pleading could not possibly be cured by an amendment." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000).

b. <u>Plaintiff First Cause of Action Sufficiently States A Claim For Violation Of The Fair Credit Reporting Act Based On Defendant's Unreasonable Investigation of Plaintiff's Dispute And Continued Inaccurate Reporting To Experian</u>

Congress enacted the FCRA in 1970 to "ensure fair and accurate credit reporting to the maximum extent possible to protect the creditworthiness and reputation of every consumer . . . ." *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 51 (2007). It was prefaced with a congressional finding that "unfair credit methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681(a)(1). To ensure that credit reports are accurate, the FCRA imposes certain duties on the sources that provide credit information to credit reporting agencies ("CRA's"), called "furnishers" in the statute. *Gorman v.*

*Wolpoff & Abramson LLP.*, 584 F.3d 1147, 1153 (9th Cir. 2009). A furnisher must refrain from reporting inaccurate information. 15 U.S.C. § 1681s-2(a)(1). In addition, upon being notified of a consumer dispute by a CRA concerning the accuracy of the information reported, a furnisher must investigate and, if necessary, correct the information it reports. 15 U.S.C. § 1681s-2(b). The Ninth Circuit has repeatedly made clear that a furnisher's failure to reasonably investigate the consumer dispute and rectify past misreporting renders it liable to the consumer for damages. *Drew v. Equifax Info. Servs., LLC.*, No. 11-15008, 2012 U.S. App. LEXIS 16378, at *8 (9th Cir. April 20, 2012); *Peterson v. Wash. Mut. Bank*, No. C-10-01462 JCS, 2010 U.S. Dist. LEXIS 144391, at * 26 (N.D. Cal. July 29, 2010).

                i.  Plaintiff's Complaint Pleads Facts Sufficient To Identify A Factual Inaccuracy On Her Credit Report

        The FCRA's prohibition against inaccurate reporting extends to information that is patently incorrect or materially misleading. *Gorman*, 584 F.3d at 1163. Information is patently incorrect if the inaccuracy appears "on its face." *Drew*, No. 11-15008, 2012 U.S. App. LEXIS 16378, at *8. Likewise, information is misleading if, "it can be expected to adversely affect credit decisions." *Gorman*, 584 F.3d at 1163 ("reports containing factually correct information that nonetheless mislead their readers are neither maximally accurate nor fair to the consumer.") As described in greater detail below, the FCRA's prohibition against reporting inaccurate information extends to reporting the status of an account discharged in bankruptcy as "charged off as bed debt."

1.     Reporting A Credit Account As "Charged Off" After The Account Is Discharged In Bankruptcy Is Inaccurate Under The Fair Credit Reporting Act

The FCRA's prohibition against inaccurate reporting takes heightened importance after a consumer seeks the protection afforded by the Bankruptcy Code.[1] The unique interplay that exists between the Bankruptcy Code and the FCRA centers on the legal effect of the bankruptcy discharge. Under Section 727(b) of the Bankruptcy Code, a bankruptcy discharge extinguishes the debtor's personal liability to pay a prepetition debt. 11 U.S.C. § 727(b). As such, credit reports post bankruptcy must indicate that the debt has been discharged in bankruptcy and that there is a zero balance on the credit account. *Browndorf v. TD Bank, N.A.*, No. SACV12-0223 DOC(JPRx), 2012 U.S. Dist. LEXIS 99237, at *16 (C.D. Cal July 17, 2012).

In this case, Plaintiff alleges that Defendant inaccurately reported Plaintiff's credit account as "charged off" after Plaintiff filed for and received a bankruptcy discharge.[2] Compl. at ¶ 17. Defendant however insists such reporting is accurate because a "charge off" is neutral as to the legal collectability of a debt.[3] Three reasons prove fatal to Defendant's assertion. First, the FCRA's plain language makes perfectly clear that any furnisher continuing to reporting an account discharged in bankruptcy must report this fact to the credit reporting agency. 15 U.S.C. § 1681(c) ("[credit report] shall include in the report an identification of the chapter of any case arising under title 11 of the United States Code.")[4]

---

[1] The heightened importance refers to the Bankruptcy Code's ultimate aim of guaranteeing bankrupt debtors a fresh start following successful conclusion of a bankruptcy petition. *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934).
[2] To the extent Defendant claims that the "charge off" occurred before Plaintiff filed for bankruptcy, this factual dispute is inappropriate for resolution on a 12(b)(6) motion to dismiss. *Montgomery v. PNC Bank, N.A.*, No. C-12-2453 SC, 2012 U.S. Dist. LEXIS 120704, at *6-8 (N.D. Cal. August 24, 2012); *Bradshaw v. BAC Home Loans*, 816 F. Supp. 2d 1066, 1073 (D. Org. 2011) ("[t]he accuracy of plaintiffs' credit reports remains a factual question to be determined by a jury.")
[3] Def. Motion to Dismiss pg. 9:12-14.
[4] Title 11 includes the Bankruptcy Code. 15 U.S.C. §1681(c).

Second, the Federal Trade Commission ("FTC"), in its commentary to the Fair Credit Reporting Act specifically observed, "[i]t is not a reasonable procedure to label an account that has been discharged in bankruptcy as "charged off as bad debt" if the account was open and not charged off when the consumer filed bankruptcy. Such a designation would be inaccurate or misleading. . . ." [5] (*See* Index of Federal Trade Commission Authorities in opposition to Defendant's Motion to Dismiss Plaintiff's Complaint ("Index") Ex. A, 40 Years of Experience with the Fair Credit Reporting Act; An FTC Staff Report with Summary of Interpretations at p. 68, par. 6 (Section 607- Compliance Procedures, 15 U.S.C. § 1681e), July 2011, available at www.ftc.gov/os/2011/07/110720fcrareport.pdf)

Third, several district courts in this circuit and around the country have repeatedly rejected Defendant's assertion. *Hanks v. Talbots Classics Nat'l Bank* is particularly instructive on the sufficiency of Plaintiff's allegations. In *Hanks*, Plaintiff filed for and a received a Chapter 7 Bankruptcy discharge on all prepetition debt including a debt owed to Defendant. No. C 12-2612 SI, 2012 U.S. Dist. LEXIS 109934, at * 2-3. Plaintiff alleged that "sometime after" the defendant was notified of the plaintiff's bankruptcy case and subsequent dispute with Experian, defendant continued reporting to credit reporting agencies that one or more credit accounts belonging to plaintiff were "charged off." *Id.* In denying Defendant's motion to dismiss, the *Hanks* Court held that reporting a discharged debt as "charged off" is misleading because, "while a charge off is considered to be written off as uncollectable, the debt is still legally valid and the

---

[5] As an opinion of the full FTC, the FTC Staff Report is entitled to Chevron deference. *See Christensen v. Harris Cnty.*, 529 U.S. 576, 591 (2000) (Scalia, J., concurring in part and concurring in the judgment) (stating that, while an interpretation of a staff member may not be entitled to deference under Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 844 (1984), the position of the agency itself such be entitled to such deference). It is anticipated that Defendant will argue that the FTC actually permits the reporting of a "charge off" on an account discharged in bankruptcy if in fact the account has been "charged off." This argument, however, is unavailing. As the FTC staff report makes clear, the reporting of a "charge off" after the entry of a bankruptcy discharge order is inaccurate if the "charge off" is reported in lieu of reporting the account as discharged in bankruptcy.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CASE NO. 3:12-CV-03895-TEH - 11

creditor legally has the right to collect the full amount." *Id.* at 4; *Browndorf*, No. SACV12-0223 DOC(JPRx), 2012 U.S. Dist. LEXIS 99237, at *16; *White v. Transunion LLC.*, 462 F. Supp. 2d 1079, 1083 (C.D. Cal 2006); *Acosta v. Transunion LLC.*, 243 F.R.D. 377, 392 (C.D. Cal. 2006); *Turner v. J.V.D.B. & Assocs., Inc.,* 330 F.3d 991, 995 (7th Cir. 2003).[6] Similarly here, Defendant's reporting of Plaintiff's credit account as "charged off" to Equifax after Plaintiff received a bankruptcy discharge is misleading and, therefore, inaccurate under the FCRA.[7]

ii.   Plaintiff's Complaint Adequately Pleads The Remaining Elements Of An FCRA Claim

To succeed, Plaintiff must also allege that he or she submitted a dispute to a credit reporting agency who in turn notified Defendant after determining that the dispute is not frivolous, *Drew*, No. 11-15008, 2012 U.S. App. LEXIS 16378, at *8. Plaintiff has alleged sufficient facts to meet the both of the remaining elements here. To start, Plaintiff alleges that on April 30, 2011 Plaintiff sent a written dispute to Equifax. Compl. at ¶ 10. In particular, Plaintiff disputed Defendant's failure to report the status of Plaintiff's credit account as discharged in bankruptcy. Plaintiff's allegation sufficiently indicates that she submitted a dispute to a CRA.[8] *Peterson*, No. C-10-01462 JCS, 2010 U.S. Dist. LEXIS 144391, at * 25; *Banga v. Allstate Ins. Co.*, No. CIV S-08-1518 LKK EFB PS, 2011 U.S. Dist. LEXIS 20483, at *23 (E.D. Cal. March 1, 2011).

Moreover, Plaintiff also alleges that following receipt of Plaintiff's dispute letter, Equifax sent notice to Defendant. Compl. at ¶ 10. In support, Plaintiff further alleges that the verified

---

[6] Several bankruptcy courts have also rejected Defendant's assertion. *In re Sommersdorf*, 136 B.R. 700, 701 (Bankr. S.D. Ohio 1992); *In re Singley*, 233 B.R. 170, 175 (S.D. Ga.1999); *Torres v. Chase Bank USA, N.A.*, *In re Torres*, 367 B.R. 478, 488 (Bankr. S.D.N.Y. 2007); *Russell v. Chase Bank USA, N.A. In re Russell*, 378 B.R. 735, 742–43 (Bankr. E.D.N.Y. 2007); *Winslow v. Salem Five Mortgage Co.*, *In re Winslow*, 391 B.R. 212, 216 (Bankr. D. Me. 2008).

[7] Compl. at ¶17.

[8] Consumer reporting agencies include Experian Information Solutions, Trans Union, LLC, and Equifax Information Services, LLC. *Mouton v. AmeriCredit Fin. Servs.*, NO. C 04-02485 JW, 2005 U.S. Dist. LEXIS 32185, at *3 fn. 3 (N.D. Cal. June 28, 2005).

notation on Plaintiff's Equifax credit report indicates that Defendant received notice of Plaintiff's dispute from Equifax. Compl. at ¶1. Defendant, nevertheless, still insists that this element is insufficiently pled because Plaintiff fails to allege when Defendant received notice.[9] This argument, however, is without merit. The court in *Wang v. Asset Acceptance LLC* was explicitly clear on the reason why such specificity is not required under the FCRA. No. C 09-04797 SI, 2010 U.S. Dist. LEIXS 91946, at *5 (N.D. Cal. July 27, 2010). Indeed, "[defendant] argues that [plaintiff] needs to allege additional facts about notice, including when Trans Union notified Asset of the dispute . . . but does not explain how Plaintiff or similarly situated consumers would ever have access to those "facts" without formal discovery." *Id.* at *13; *Guillen v. Bank of America*, NO. 5:10-cv-05825 EJD (PSG), 2011 U.S. Dist. LEXIS 98860, at * 11 (N.D. Cal. August 21, 2011) *Reagan v. Am. Home Mortg. Servicing*, No. C 11-00704 WHA, 2011 U.S. Dist. LEXIS 58293, at *5 (N.D. Cal. May 31, 2011).  Plaintiff's allegations are sufficient to infer that Equifax deemed her dispute meritorious and submitted it to Defendant.

Finally, Plaintiff alleges that Defendant failed to reasonably investigate Plaintiff's dispute and rectify its past misreporting to Equifax. Compl. at ¶ 24-25. More specifically, Plaintiff alleges that Defendant should have discovered from its records including two notices sent from the Bankruptcy noticing center and one from Equifax, that Plaintiff's account was discharged in bankruptcy.[10] Compl. at ¶ 25. Defendant, nevertheless, still continued reporting Plaintiff's credit account as "charged off" instead of discharged in bankruptcy. Compl. at ¶ 17. Simply put, Defendant failed to comply with the remedial measures outlined under the FCRA. As such, Plaintiff's allegations sufficiently state a claim upon which relief can be granted. *Hanks*, No. C

---

[9] Def. Motion to Dismiss pg 13:1-3.
[10] The reasonableness of Defendant's investigation is inappropriate for resolution on a 12(b)(6) motion to dismiss. *See Gorman*, 584 F.3d at 1157.

12-2612 SI, 2012 U.S. Dist. LEXIS 109934, at * 4-5; *Ali v. Capital One*, NO. CV F 11-2115-LJO-SKO, 2012 U.S. Dist. LEXIS 50928, at *10-11 (E.D. Cal. April 10, 2012).

   iii.   Plaintiff's Complaint Contains Sufficient Facts To Support A Claim For Actual Damages

        Under the FCRA, an award of damages includes any actual damages incurred by the consumer or an award of statutory damages in the case of a willful violation. 15 U.S.C. § 1681(n) & (o). The FCRA's plain language makes perfectly clear, that a showing of actual damages is not required to succeed on an FCRA claim. *Alkan v. Citimortgage* is instructive. The Defendant, in *Alkan*, similarly alleged that Plaintiff's claim was fatally defective because he failed to adequately state any claim for actual damages arising from Defendant's violation of § 1681s-2(b) of the FCRA. 336 F. Supp. 2d 1061, 1063-1064 (N.D. Cal. 2004). The *Alkan* court noted that the FCRA contains a built in damage award and as such a showing of actual damages is not required where the Plaintiff seeks statutory damages. Moreover, the *Alkan* court held that Plaintiff adequately stated a claim for damages under the FCRA where Plaintiff alleged that "[d]efendant's subsequent erroneous credit reporting following receipt of Plaintiff's dispute from a CRA prevented Plaintiff from accessing credit." *Id.*

        In this case, Plaintiff's complaint provides facts supporting an allegation willfulness under the FCRA and requests an award of statutory damages pursuant to 15 U.S.C. § 1681(n).[11] Compl., at ¶ 66. As such, Plaintiff need not plead actual damages in order to successfully plead an FCRA claim. *Alkin*, 336 F. Supp. 2d at 1063. Moreover, even if Plaintiff were required to plead actual damages, Plaintiff's complaint adequately does so. Plaintiff alleges that as a result of Defendant's failure to reasonably investigate Plaintiff's dispute and rectify its past inaccurate reporting, Plaintiff has incurred actual out of pocket expenses including retrieving and reviewing

---

[11] Plaintiff alleges that Defendant still refuses to correct its past misreporting even after receiving notice of Plaintiff's bankruptcy discharge and dispute from Equifax. Compl. at ¶17.

subsequent credit reports and sending demand letters. Compl., at ¶ 31. In addition, Plaintiff also alleges that Defendant's continued inaccurate reporting has impeded Plaintiff's ability to obtain credit. Compl., at ¶ 31. Similar to *Alkan*, Plaintiff's claim for actual damages are sufficient to support a claim under the FCRA.

c. <u>Plaintiff's Second Cause of Action Adequately States A Claim For Violation Of California Consumer Credit Reporting Agencies Act § 1785.25(a)</u>

The California Consumer Credit Reporting Agencies Act, the California equivalent to the FCRA, prohibits furnishers from reporting incomplete or inaccurate information to a credit reporting agency if the party knows or has reason to know that the information is inaccurate. Cal. Civ. Code § 1785.25(a). In a marked departure from the FCRA, California permits private parties to allege violations of § 1785.25(a). Cal. Civ. § Code 1785.31; *Gorman*, 584 F.3d at 1171; *Browndorf*, No. SACV12-0223 DOC(JPRx), 2012 U.S. Dist. LEXIS 99237 at *18. To succeed, Plaintiff need only prove that Defendant furnished inaccurate information with either knowledge of the inaccuracy or at least reason to know that the information was inaccurate. *Browndorf*, No. SACV12-0223 DOC(JPRx), 2012 U.S. Dist. LEXIS 99237, at * 16.

Here, Plaintiff alleges that she included an unsecured debt owed to Defendant in her bankruptcy petition. Compl., at ¶ 13-14. Moreover, Plaintiff alleges that Defendant failed to report her account as discharged in bankruptcy and continued to do so even after receiving notice from Equifax. Compl., at ¶ 13. Furthermore, Defendant had reason to know that it furnished inaccurate information following receipt of Plaintiff's dispute from Equifax. *See Browndorf*, SACV12-0223 DOC(JPRx), 2012 U.S. Dist. LEXIS 99237, at * 17. For the same reasons stated above, Plaintiff's claim for actual damages adequately supports a claim under the CCCRAA. Accordingly, Defendant's motion to dismiss Plaintiff's CCCRAA claim should be denied.

d. Plaintiff's Third Cause of Action Based On Defendant's Violation Of California Consumer Credit Reporting Agencies Act § 1785.25(a) Also Adequately States A Claim For Violation Of California Business & Professions Code § 17200

California Business & Professions Code § 17200 prohibits any unlawful, unfair, or fraudulent business practices. Relevant here is the unlawful prong of the UCL. "An unlawful business practice under the UCL is ' "an act or practice, committed pursuant to business activity, that is at the same time *forbidden by law*." ' " *Progressive West Ins. Co. v. Superior Court*, (2005) 135 Cal. App. 4th 263, 287, 37 Cal. Rptr. 3d 434, 454. " 'Virtually any law—federal, state or local—can serve as a predicate for an action under Business and Professions Code section 17200.' " *Ticconi v. Blue Shield of California Life & Health Ins. Co.*, (2008) 160 Cal. App. 4th 528, 539, 72 Cal. Rptr. 3d 888. Once an underlying predicate offense is established, Plaintiff need only allege injury in fact and loss of income as a result of the unlawful activity. *Id.*

*White v. Transunion LLC.*, is instructive. In *White*, Plaintiff alleged that Defendant's continued inaccurate reporting of Plaintiff's discharged debt constituted an unlawful business practice. 462 F. Supp. 2d at 1083. The *White* court held that "credit reports containing inaccurate erroneous information regarding "due and owing" debts is a sufficient injury to grant Plaintiffs standing." *Id.* Similar to *White*, Plaintiff has adequately stated an unlawful business practice under the UCL. Moreover, Plaintiff not only has alleged an actual injury as a result of Defendant's unlawful activity but also requests injunctive relief. Compl., at ¶ 66. Accordingly, the Court should deny Defendant's motion to dismiss Plaintiff's UCL claim.

e. Plaintiff's Claims Are Not Barred By The Bankruptcy Code

The issue of whether the Bankruptcy Code provides the exclusive remedy for the inaccurate reporting of a debt discharged in bankruptcy has never been addressed by the Ninth Circuit. According to Defendant, however, the Ninth Circuit's decision in *Walls v. Wells Fargo*

*Bank, N.A.* precludes any claim for relief, other than that afforded by the Bankruptcy Code, based on inaccurate reporting of a discharged debt. In *Walls*, Plaintiff filed a voluntary bankruptcy petition listing a prepetition obligation owed to Defendant. *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 505 (9th Cir. 2002). Plaintiff alleged that after a bankruptcy discharge was entered, Defendant foreclosed on Plaintiff's house in violation of Section 524(a)(2) of the Bankruptcy Code and Section 1692 of the Fair Debt Collection Practices Act ("FDCPA"). *Id.* Plaintiff's FDCPA claim was solely premised on Defendant's impermissible attempt to collect on a discharged debt. The *Walls* Court held that a Plaintiff could not simultaneously maintain a claim for relief based on a violation of the discharge injunction and the FDCPA. *Id.* at 520. In so holding, the *Walls* court reasoned that such a claim would "impermissibly circumvent the remedial scheme of the Bankruptcy Code." *Id.*

 Two principal reasons prove fatal to Defendant's assertion. First, Plaintiff has not alleged any facts to suggest that Defendant continued inaccurately reporting the status of Plaintiff's account for the sole purpose of collecting on the discharged debt. *See In re Irby*, 337 B.R. 293, 296 (Bankr. N.D. Ohio 2005). In fact, Plaintiff has not alleged enough facts for the court to even infer any coercive motive behind Defendant's inaccurate reporting. *See In re Torres*, 367 B.R. at 489. The *Walls* decision, therefore, is not implicated by the allegations in Plaintiff's complaint because Plaintiff has not alleged or provided enough facts to support the claim that Defendant violated the bankruptcy discharge injunction. 11 U.S.C. § 524(a)(2); *Browndorf*, No. SACV12-0223 DOC(JPRx), 2012 U.S. Dist. LEXIS 99237, at *19 ("[t]his argument has little merit as Creditor Defendants are attempting to place words in Plaintiff's mouth, claiming that "Plaintiff

1  believes that Saxon is in contempt of the Discharge Injunction" and is seeking relief based on a

2  violation of the injunction.")[12]

3      Second, Defendant completely ignores the fact that the Bankruptcy Code and FCRA can

4  and do co-exist. The court in *Hanks v. Talbots Classics Nat'l Bank* was explicitly clear on this

5  issue. The *Hanks* court specifically noted that *Walls* does not preclude an FCRA claim where the

6  complaint does not allege an independent claim for violation of the bankruptcy discharge

7  injunction. No. C 12-2612 SI, 2012 U.S. Dist. LEXIS 109934, at * 15-16 ("[c]omplaints about

8  inaccuracy in credit reporting fall within the aegis of the FCRA, and involve distinct inquiries

9  from complaints about violations of the discharge injunction"); *Browndorf,* No. SACV12-0223

10  DOC(JPRx), 2012 U.S. Dist. LEXIS 99237, at *19 ("[b]ecause Plaintiff is not bringing a claim

11  for violation of 11 U.S.C. § 524, the Court DENIES Creditor Defendants' motion to bar

12  Plaintiff's CCCRAA claim"); *Henry v. Saxon Mortg., Inc.,* No. CV-10-2551-PHX-JAT, 2011

13  U.S. Dist. LEXIS 128841, at *3-4 (D. Ariz. Nov. 7, 2011) ("[b]ankruptcy Code does not

14  preclude an FCRA claim.") [13] Defendant offers no direct contrary authority to support its

15  position. Instead, Defendant heavily relies on numerous decisions that are inapposite here

16  because they do not involve any claim under the FCRA, CCCRAA, or UCL.[14] Accordingly,

17  Plaintiff's FCRA, CCCRAA, and UCL claims are not barred by the Bankruptcy Code.

---

[12] There are also no "bankruptcy laden determinations" for this Court to make as Defendant claims. Plaintiff already received a bankruptcy discharge of this prepetition owed to Defendant. Because Defendant does not dispute any of these facts, this Court can simply take judicial notice of Plaintiff's Bankruptcy under Federal Rules of Evidence 201(b). In fact, Defendant already requested this Court take judicial notice of Plaintiff's Bankruptcy. The only possible determination for this court to make is whether failing to report the debt as discharged in bankruptcy suggests that the debt is collectible. Such determination, however, does not infringe upon the Bankruptcy Court's jurisdiction. *See Hanks,* No. C 12-2612 SI, 2012 U.S. Dist. LEXIS 109934, at * 12-13; *see also In re Torres,* 367 B.R. at 481.

[13] Even more troubling, Defendant still insists that there are no California district court decisions that are dispositive on this topic. Def. Motion to Dismiss pg 26: 2-4. This is not only false, as previously made clear, but also demonstrates Defendant's inability to overcome the inescapable conclusion here. *Walls* does not preclude a claim for the violation of the FCRA, CCCRAA, or UCL based on the inaccurate reporting of a discharged debt.

[14] The only decision that even remotely supports Defendant's assertion, *In re Jones,* is also inapplicable here because the Plaintiff specifically alleged a violation of the bankruptcy discharge injunction. *In re Jones,* 389 B.R.

# IV. <u>CONCLUSION</u>

Based on the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's motion to Dismiss Plaintiff's Complaint. In the alternative, should this Court grant Defendant's motion, Plaintiff respectfully requests this Court grant leave to amend.

Dated: September 14, 2012                                     Sagaria Law, P.C.

                                                             By: <u>/s/ Elliot Gale</u>
                                                                 Scott Sagaria
                                                                 Elliot Gale
                                                                 Attorneys for Plaintiff

---

146, 149 (Bankr. D. Montana 2008). More importantly, the *In re Jones* court never addressed the question of whether an aggrieved debtor is precluded from bringing an FCRA or CCCRAA claim based on the inaccurate reporting of a discharged debt.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS CASE NO. 3:12-CV-03895-TEH - 19